# E X H I B I T  "A"

ROGER C. MATTSON, ESQUIRE
26 Newton Avenue
Woodbury, NJ 08096
(856) 848-4050
RM9791
Attorney for EDWARD SKYPALA
Plaintiff



EDWARD SKYPALA                      :    **Superior Court of New Jersey**
Individually and as a class representative  :    **Law Division**
On behalf of others similarly situated   :    **Camden County**

   Plaintiff                      :

      vs.                       :    <u>CIVIL ACTION</u>

                                   :    **4925   08**

MORTGAGE ELECTRONIC             :
REGISTRATION SYSTEMS, INC.      :    **CLASS ACTION**
M&T MORTGAGE CORP.,             :
ZUCKER, GOLDBERG AND            :
ACKERMAN, AND JOHN DOE          :
SERVICERS 1-100 AND JOHN DOE    :
LAW FIRMS 1-100                 :
   Defendants                  :    **COMPLAINT**
                                      **AND JURY TRIAL DEMAND**

    Plaintiff, EDWARD SKYPALA  residing at 23 Hazel Lane, Pine Hill, County

of Camden and State of New Jersey,  individually, and as private attorney general,

and on behalf of others similarly situated, by way of Complaint says:

<u>**PARTIES**</u>

1.    The Plaintiff, EDWARD SKYPALA, who resides at 23 Hazel Lane,

Pine Hill, County of Camden, NJ owned the residential property located at

96 Shoreline Drive,  Township of Waterford, County of Camden, New

Jersey.

2.     The Defendant, Mortgage Electronic Registration Systems, Inc., (MERS) a Delaware Corporation 1818 Library Street, Suite300, Reston, VA 20190, solicits and does business throughout the State of New Jersey, inclusive of Gloucester County.

3.     The Defendant, M&T Mortgage Corporation (M&T), One Fountain Plaza, 7th Floor, Buffalo, NY 14203, a New York corporation and a wholly owned subsidiary of M&T Bank N.A. a New York national bank, solicits and does business throughout the State of New Jersey, inclusive of Gloucester County.

4.     The Defendant, the law firm of Zucker, Goldberg and Ackerman (Zucker) a New Jersey partnership whose offices are located at 200 Sheffield Street, Suite 301, PO Box 1024, Mountainside, NJ 07092 represented the Defendants, MERS and M&T in the foreclosure proceedings.

## BACKGROUND

5.     The mortgage and note dated June 6, 1976 executed by the Plaintiff are documents signed under seal which was originated by Blau Mortgage Company.

6.     M&T sent a notice of intention to foreclose dated September 12, 2006 (Exhibit A).

7.     M&T was the servicer of the loan on behalf of MERS.

8.     The Plaintiff requested a payoff statement of the mortgage.

The Plaintiff received a payoff from the Defendant Zucker on behalf of MERS and M&T in the amount of $113,466.07.

2

9.     M&T participated in the preparation of the pay off statement.

10.    The payoff of $113,466.07 was calculated as payoff of the mortgage balance due of $111,017.07 plus attorney fees of $945 and costs of $1,504. A copy of the payoff letter is attached as Exhibit B.

11.    Plaintiff paid the sums demanded in full on or about November 14, 2006.

12.    No foreclosure action was filed.

13.    The Defendants then discharged the mortgage.

## FACTUAL ALLEGATIONS:
## DEFENDANT'S WRONGFUL CONDUCT

14.    At all times relevant hereto, MERS, M&T and Zucker have engaged in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the loan documents or applicable law.  The components of this scheme involve common tactics in which the Defendants have been overcharging defaulting borrowers of residential mortgages in the following manner, including but not limited to:

   a).    they charged attorneys fees and costs in excess of those actually incurred; Specifically, in the instant case no complaint had been filed. $910 represents the total fee which would have been charged for the foreclosure proceeding by Zucker.

   b)     costs of suit charged to the Plaintiff and class was excessive in violation of statute and court rule; Specifically, R 4:42-10 limits the taxable costs for searches at a minimum of $75 to 1% of the amount

3

due but in no case more than $500. In the instant case the amount allowed would be $500.

c)      recording fees charged were excessive of the actual fee; i.e. to file and discharge a lis pendens the fee was $60.00

d)      Overcharging for the service of process. The statutes and court rules limit the reimbursement to a maximum of $35 per defendant.

e)      Charging the borrower for obtaining a certificate of regularity which is not a fee which can be charged to a borrower.

f)      In addition the Plaintiff contends that the defendants overcharged the class as follows:

    i.  over charging of sheriff's commissions by failing to properly credit deposits;

    ii. charging excessive interest by continuing to charge the contract rate after a judgment of foreclosure was entered when entitled to the judgment interest rate;

## CLASS ACTION ALLEGATIONS

15.    The Plaintiff repeats each and every previous allegation and incorporates them by reference herein as if they were set forth fully herein.

16.    The Plaintiff brings this action on behalf of all persons similarly situated and pursuant to Rule 4:32 as a class action on behalf of a statewide class of persons as defined below.

4

17.    The claims of the named class representative and the absent class members have a common origin and share a common basis. Their claims originate from the same illegal, fraudulent, unconscionable and/or negligent business practices of the Defendants, and the Defendants act in the same way toward the Individual Plaintiff and the members of the class. As such, the individual Plaintiff has been a victim of the unconscionable business practices.

18.    The actions of the Defendants are not isolated but represent a general and consistent business practice.

19.    The actions of the Defendants have affected similarly situated individuals throughout the State of New Jersey.

20.    The Plaintiff proposes a class as 1) Individuals who have had home loans held or serviced by the Defendant, MERS in the State of New Jersey from sixteen years prior to the filing of the complaint through the date of class certification; and 2)  who received a payoff or reinstatement statement from the Defendant whose home loan was in default; 3)and who were charged attorneys fees and/or other costs which were in excess of the amount actually incurred and/or in excess of the amount allowed by law.

a)    A subclass exists for claims from six years prior to the filing of the complaint through the date of class certification which includes claims under the New Jersey Consumer Fraud Act and New Jersey Truth-In-Consumer Contracts, Warranty and Notice Act.

5

21.    The Plaintiff proposes a class as 1) Individuals who have had home loans held or serviced by the Defendant, M&T in the State of New Jersey from sixteen years prior to the filing of the complaint through the date of class certification; and 2) who received a payoff or reinstatement statement from the Defendant whose home loan was in default; 3) and who were charged attorneys fees and/or other costs which were in excess of the amount actually incurred and/or in excess of the amount allowed by law.

a)    A subclass exists for claims from six years prior to the filing of the complaint through the date of class certification which includes claims under the New Jersey Consumer Fraud Act and New Jersey Truth-In-Consumer Contracts, Warranty and Notice Act.

22.    The Plaintiff proposes a class as 1) Individuals who have had home loans which turned over to Zucker for foreclosure proceedings in the State of New Jersey from sixteen years prior to the filing of the complaint through the date of class certification; and 2) who received a payoff or reinstatement statement from the Defendant whose home loan was in default; 3) and who were charged attorneys fees and/or other costs which were in excess of the amount actually incurred and/or in excess of the amount allowed by law.

a)    A subclass exists for claims from six years prior to the filing of the complaint through the date of class certification which includes claims under the New Jersey Consumer Fraud Act and New Jersey Truth-In-Consumer Contracts, Warranty and Notice Act.

23.   The proposed class representative states a claim upon which relief can be granted that is typical of the claims of absent class members. If brought and prosecuted individually, the claims of each class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

24.   The claims and remedial theories pursued by the named class representative are sufficiently aligned with the interests of absent class members to ensure that the individual claims of the class will be prosecuted with diligence and care by the individual Plaintiff as class representative.

25.   The class members are so numerous that joinder of all members is impracticable. It is believed and therefore averred that there are over 500 mortgages within each category of claims identified above and in each Count of this Complaint.

26.   The claims of the Plaintiff are typical of the claims of each of the class members, and the Plaintiff has no claim antagonistic to class members. He is aware that he cannot settle this action without Court approval. He has and will continue to vigorously pursue the class member claims.

27.   The Representative Plaintiff, EDWARD SKYPALA will fairly and adequately protect the interests of the class members. The Plaintiff is committed to the vigorous representation of the class members and has retained competent counsel experienced in the prosecution of complex and class action litigation. Counsel have agreed to advance the costs of the litigation contingent upon the outcome.

7

28.   M&T, MERS and Zucker have all acted on grounds generally applicable to the class members, thereby justifying relief against Defendants, M&T, MERS and Zucker for the class members as whole.

29.   A class action is superior to other methods for the fair and efficient adjudication of this controversy because prosecution of separate actions by mortgagors creates a high risk of inconsistent and varying adjudications, with inconsistent and varying results. Furthermore, as the damages suffered by many individual class members may be relatively small in relation to the costs of litigation, the expense and burden of individual litigation make it difficult, if not impossible, for class members to individually redress the wrongs done to them. Many, if not most, of the class members are unaware that claims exist against M&T, MERS and Zucker. There will be no unusual difficulty in the management of this class action.

30.   The named individual Plaintiff is willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material thereto. The individual Plaintiff will fairly and adequately protect the interests of the class and have no interests adverse to, or which directly and irrevocably conflict with, the interests of the other class members.

31.   The self-interest of the named class representative is co-extensive with and not antagonistic to those of the absent class members. The proposed representative will undertake to well and truly protect the interests of the absent class members.

32.     Questions of fact and law common to the class that predominate include but are not limited to:

a)     Did M&T, MERS and Zucker breach their contractual obligations to the class members by having imposed or collected amounts that are not due and owing by contract or applicable law including interest, default related fees, costs, attorneys fees and charges?

b)     Did M&T, MERS and Zucker engage in unfair and/or deceptive acts and practices with respect to each Class member that includes one or more of the following:

i.     Imposing and collecting unnecessary and excessive fees and charges not authorized by the loan documents or by applicable law;

ii.     Imposing and collecting excessive interest;

iii.     Misleading or otherwise misinforming customers about the amounts properly due and owing;

iv.     Engaging in conduct that violates state and federal consumer protection laws; and

v.     Harassing or otherwise treating customers unfairly and without regard to obligations of good faith and fair dealing.

c)     Did M&T, and MERS  engage in unfair and/or deceptive acts and practices in violation of the New Jersey Consumer Fraud Act

9

with respect to each Class member that includes one or more of the following:

    i.    Imposing and collecting unnecessary and excessive fees and charges not authorized by the loan documents or by applicable law;

    ii.    Imposing and collecting excessive interest;

    iii.    Misleading or otherwise misinforming customers about the amounts properly due and owing;

    iv.    Engaging in conduct that violates state and federal consumer protection laws; and

    v.    Harassing or otherwise treating customers unfairly and without regard to obligations of good faith and fair dealing.

d)    Did M&T, MERS and Zucker represent to the Plaintiff that they are entitled to collect various loan charges that were not legally due and owing?

e)    Did M&T, MERS and Zucker collect monies that are not due and owing under applicable law which resulted in unjust enrichment of the Defendants M&T, MERS and Zucker?

## COUNT ONE

### BREACH OF CONTRACT-M&T and MERS

33.    Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

34.    Defendant M&T as servicer of the Plaintiff's loan is for all relevant times an agent of Defendant MERS.

35.    Defendants', M&T and MERS, loans are evidenced by standard form notes and mortgages, the relevant provisions of which are uniform.

36.    M&T and MERS have imposed or collected amounts that are not due and owing by contract or applicable law including interest, default related fees, costs of suit, attorneys fees and other charges.

37.    M&T and MERS failed to disclose in advance to the Plaintiff the amount of any fees or costs which may be charged to him in connection with her mortgage.

38.    M&T and MERS have breached its contracts with Plaintiff and members of the class. Specifically, the note and mortgage only allow M&T and MERS to be reimbursed for actual expenses incurred. The note and mortgage make no provision for M&T and MERS to receive any money in excess of the amount actually incurred.

39.    Plaintiff and Class members are entitled to relief for breach of contract.

11

## COUNT IV

### NEGLIGENCE- M&T, MERS and Zucker

40.   Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

41.   M&T, MERS and Zucker owed Plaintiff and other Class members a duty of care with respect to servicing their mortgage loans since those loans were secured by an interest in each homeowners' family residence and that lack of care would result in overpayments causing great hardship to Plaintiff and members of the class.

42.   M&T, MERS and Zucker's conduct with respect to Plaintiff and other Class members was far below applicable standards for mortgage loan servicing.

43.   M&T, MERS and Zucker's conduct was negligent with respect to Plaintiff and other Class members.

44.   As a direct and proximate result of the negligence listed above Plaintiff and the other Class members have suffered damages and are entitled to relief for M&T, MERS and Zucker's negligence.

## COUNT V

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

### M&T, MERS and Zucker

45.   Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

12

46.   New Jersey recognizes a duty of good faith and fair dealing with respect to conduct encompassed by contractual relations.

47.   Zucker as the attorney for M&T and MERS was at all relevant times an agent for M&T and MERS.

48.   Defendant M&T as servicer of the Plaintiff's loan is for all relevant times an agent of Defendant MERS.

49.   M&T, MERS and Zucker's conduct as aforesaid breached said duty.

50.   Plaintiff and members of the Class are entitled to relief for M&T, MERS and Zucker's breach.

## COUNT VI: UNJUST ENRICHMENT

### M&T, MERS and Zucker

51.   Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

52.   M&T, MERS and Zucker have engaged in unlawful collection activities.

53.   M&T, MERS and Zucker have collected monies that are not due and owing under applicable contract law, because the contract or other applicable law does not permit M&T, MERS and Zucker to collect such fees and charges.

54.   Said conduct sounds in equity under the common law of unjust enrichment, money had & received, and constructive trust.

55.   M&T, MERS and Zucker have been unjustly enriched by its conduct.

56.   Plaintiff and Class members have suffered loss by virtue of M&T, MERS and Zucker's conduct.

57.   Plaintiff and members of the Class are entitled to relief for unjust enrichment.

## COUNT VII:

## UNFAIR AND DECEPTIVE ASSESSMENT AND COLLECTION OF FEES

### M&T, MERS and Zucker

58.   Plaintiff incorporates by reference all the foregoing paragraphs.

59.   In the course and conduct of their loan servicing and collection, Defendants in numerous instances, have represented, expressly or by implication, that fees assessed and collected by M&T, and MERS were (a) allowed under, the mortgage contract and (b) permitted by law.

60.   On numerous occasions, the fees assessed and collected by M&T, MERS and Zucker were (a) not allowed under the mortgage contract or (b) not permitted by law. Nonetheless, M&T, and MERS improperly assessed and collected these fees.

61.   The actions of Defendants have caused and are likely to cause substantial injury to consumers. This injury is not reasonably avoidable by consumers and not outweighed by countervailing benefits to consumers or competition.

62.   The acts or practices of Defendants constitute unfair and deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the

14

Federal Trade Commission Act, 15 U.S.C. §45(a) which constitutes a violation of the New Jersey Consumer Fraud Act and are therefore actionable by the Plaintiff.

## COUNT VIII

## FAIR FORECLOSURE ACT

### M&T and MERS

63.     The Plaintiff repeats each and every allegation of the previous paragraphs and incorporates them by reference herein as if they were set forth fully herein.

64.     N.J.S.A. 2A:50-57 (b)(3) prohibits the charging of attorneys fees and costs in excess of those allowed by the New Jersey court rules.

65.     The charges for costs and attorneys fees of the Defendants were in excess of the amount allowed pursuant to the statute and court rule R 4:42-9(a)(4).

66.     These actions constitute unconscionable business practices under the New Jersey Consumer Fraud Act which provides for a specific relief.

67.     The Plaintiff demands a return of the excess charges.

## COUNT IX

## NEW JERSEY STATE COURT RULE

### M&T and MERS

68.     The Plaintiff repeats each and every allegation of the previous count and incorporates them by reference herein.

15

69. The Defendants' charges for costs and attorneys fees of the Defendants were in excess of the amount allowed by the New Jersey court rules including but not limited to R 4:42-9(a)(4) and R 4:42-10 (a).

70. These actions constitute unconscionable business practices under the New Jersey Consumer Fraud Act which provides for specific relief.

71. The Plaintiff requests the return of the excess charges with interest.

## COUNT X

## NEW JERSEY CONSUMER FRAUD ACT

## M&T and MERS

72. The Plaintiff repeats each and every allegation of the previous counts and incorporates them by reference herein as if they were set forth fully herein.

73. The Defendants, M&T and MERS have charged the illegal and/or excessive charges as outlined previously. The previously outlined actions by the Defendants, M&T and MERS are violations of rules, regulations and statutes for which the Defendants are strictly liable under the Act.

74. The Plaintiff has suffered an ascertainable loss of at least $758 calculated based on the following overcharges: $758 for attorneys fees; as the other charges were not itemized it is likely there are other charges as well.

75. The actions of the Defendants constitute unconscionable business practices in violation of the New Jersey Consumer Fraud Act. N.J.S.A. 56:8-2 et .seq.

16

## COUNT XI

### Truth-In-Consumer Contract, Warranty and Notice Act

### M&T and MERS

76. The Plaintiff repeats each and every allegation of the previous counts and incorporates them by reference herein as if they were set forth fully herein.

77. The Defendants', M&T and MERS, notice included illegal and/or excessive charges on the loan; specifically by charging excessive costs of suit, excessive attorneys fees, and illegal late charges as outlined previously.

79. The notice which demanded such illegal payments is a violation of the Truth-In-Consumer Contracts, Warranty and Notice Act. N.J.S.A. 56:12-14

80. The Plaintiff has been injured as a direct and proximate result of the Defendant's actions.

### COUNT XII

### John Doe Parties

81. In addition to the persons named as Defendants, there may be others whose names are unknown to the Plaintiff and/or after diligent inquiry has not been able to ascertain. They are made parties to this action under the designation of John Does.

82. John Doe Servicer 1-100 are the unknown servicers of mortgages held by the Defendant MERS and/or Defendant M&T.

83 John Doe Law Firm 1-100 are the unknown law firms which have represented MERS, M&T or any of its Servicers.

17

## PRAYER FOR RELIEF

**Wherefore  Plaintiff requests that this court certify a class and award:**

84.   Actual, special, and general damages according to proof;

85.   Statutory damages and penalties;

86.   Restitution and disgorgement according to proof;

87.   Injunctive relief against Defendants Zucker, MERS and M&T to ensure uniform standards of servicing conduct towards all class members and to prevent future wrongful conduct;

88.   Prejudgment interest at the maximum legal rate;

89.   Punitive, exemplary and enhanced damages according to proof;

90.   Statutory punitive treble damages;

91.   An accounting;

92.   Declaratory Judgment as necessary to correct the wrongs inflicted on them;

93.   Litigation Expenses and Costs of the proceedings herein;

94.   Reasonable attorneys' fees; and

95.   All such other further relief as the Court deems just.

18

## DESIGNATION OF TRIAL COUNSEL

The undersigned, Roger C. Mattson, Esq., and Lewis G. Adler, Esq.

are designated as trial counsel.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that  Plaintiff hereby demands a trial by jury as to

all issues of fact and/or law.

Dated:    9/24/08         ROGER C. MATTSON, ESQ.
                               Attorney for Plaintiff

19

Exhibit A

M&T Mortgage Corp.
P.O. Box 1288
Buffalo, NY 14240-1288

 M&T Mortgage Corporation
A Subsidiary of M&T Bank

09/12/2006

Edward Skypala
96 Shoreline Dr
Atco, NJ 08004-3014

IIIhuluhlilhullumluhululllhnulldhullihullhuhlhl

RE:   Mortgage No.: 0010130102
      Mortgaged Premises:  96 Shoreline Dr
                           Atco, NJ 08004

### NOTICE OF INTENTION TO FORECLOSE

Dear Mortgage Customer(s):

As of the date on this letter, 09/12/2006, you are in default because you have failed to make your payments in accordance with the terms of your promissory note and mortgage for the months of 07/01/2006 through today.  You may cure your default by paying or tendering funds in the amount of $3374.07 to M&T Mortgage Corporation on or before 10/13/2006.  The breakdown is as follows:

| | |
|---|---|
| Payments of $1063.01 | $   3189.03 |
| Late Charges | $     85.04 |
| Other Charges | $    100.00 |
| TOTAL DUE | $   3374.07 |

If you cure the default on or after  10/13/2006 you must include the amount due for your next regularly scheduled payment, and other late charges or advances that become due in accordance with the terms of your promissory note.  Your payment must be in Certified Funds (Cashier's Check, Money Order or Certified Check) made payable to M&T Mortgage Corporation and mailed to:

> M&T Mortgage Corporation
> One Fountain Plaza / 7th Floor
> Attn: Payment Processing
> Buffalo, NY  14203

If you do not cure the default by 10/13/2006 then mortgage foreclosure proceedings may be commenced, which will cause you to lose your property.  Even if a foreclosure is started you may still have the right to cure the default prior to entry of the foreclosure judgement.  However, if a foreclosure is started, in addition to curing all missed payments, late charges and other necessary items, you will be required to pay for attorney's fees and costs.

At any time after default, you may transfer your property to another person and that person may have the right to cure the default, if your mortgage documents allow.

You should IMMEDIATELY seek the advice from an attorney of your own choosing concerning this default.  If you are unable to obtain an attorney, you may communicate with the New Jersey Bar Association or Lawyer Referral service in the county in which the mortgaged premises is located.  If you are unable to afford an attorney, you may communicate with the Legal Services Office in the county in which the mortgaged premises are located.  A list of Legal Services Offices is attached as Schedule "A".

Exhibit B

# ZUCKER, GOLDBERG & ACKERMAN
### ATTORNEYS AT LAW

LEONARD B. ZUCKER
MICHAEL S. ACKERMAN
JOEL ACKERMAN*

RICHARD P. HABER**
FRANCES GAMBARDELLA
TAHISHA J. INGRAM
MILICA A. FATOVICH
BRIAN C. NICHOLAS***

*ALSO MEMBER OF NY AND CA BAR
** ALSO MEMBER OF PA BAR
***ALSO MEMBER OF NY AND ME BAR
****MEMBER OF PA BAR ONLY

OF COUNSEL:
SCOTT A. DIETTERICK, ESQ.*****
KIMBERLY A. BONNER, ESQ.*****

200 SHEFFIELD STREET- SUITE 301
P.O. BOX 1024
MOUNTAINSIDE, NJ 07092-0024

TELEPHONE: 908-233-8500
FACSIMILE: 908-233-1390
E-MAIL: office@zuckergoldberg.com
For payoff reinstatement figures
please send your request fax zuckergoldberg.com/pr

*REPLY TO NEW JERSEY ADDRESS*

FOUNDED IN 1923
AS ZUCKER & GOLDBERG

MAURICE J. ZUCKER (1918-1919)
LOUIS B. GOLDBERG (1923-1967)
LEONARD B. GOLDBERG (1929-1972)
BENJAMIN WEISS (1640-1981)

Pennsylvania Office
P.O. Box 650
Hershey, PA 17033
717-533-3560
fax 717-533-3562

XFZ 80963                                         November 27, 2006

SETTLEMENT EXPRESS-WEICHERT TITLE
FAX: 973-630-7275

    Re:  M&T Mortgage Corporation
    vs.  SKYPALA EDWARD
        96 SHORELINE DR,, Township of Waterford
        Atco, NJ 08004

Docket:

Dear Sir :

Pursuant to your request, please be advised that the amounts required to payoff our client's mortgage and for dismissal of the foreclosure action to be received at this office by <u>certified checks or bank tellers checks or attorney trustee checks</u> on or before December 27, 2006 are as follows:

    1)  Total amount required to satisfy mortgage as of **December 27, 2006**, which check <u>must</u> be payable to the order of **M&T MORTGAGE CORPORATION** in the sum of **$111017.07**; and

    2.)  Balance of foreclosure fees and costs due to this office including dismissal of foreclosure action and discharge of notice of lis pendens, which check <u>must</u> be payable to the order of ZUCKER, GOLDBERG & ACKERMAN, attorneys in the sum of **$2449.00**, representing fees in the amount of $945.00 plus costs in the amount of $1504.00.

The above figures are void and of no force and effect after **December 27, 2006.** <u>Both</u> checks must be received at this office by the above date. Upon receipt of the full amount(s) necessary to payoff your loan, we will proceed with dismissal of the foreclosure action and discharge of the Lis Pendens.

<u>You have no right to rely on the above figures unless they have been verified just prior to the date of payoff.</u> Our client reserves the right to adjust these figures and refuse any funds which are insufficient to payoff the loan in full for any reason, including but not limited to error in calculation of the payoff amount, previously dishonored checks or money orders, or additional disbursements made between the date of this payoff and the receipt of funds.

Please further note that if a Foreclosure Sale is scheduled and the funds are not received at the

designated place of payoff prior to the date of the Foreclosure sale, the Foreclosure sale will continue to take place.

Please also be advised that in the event any defendant in the foreclosure action should file an answer, it shall be your obligation to obtain the consent of said answering defendant before the foreclosure action can be dismissed.

Very truly yours,
ZUCKER, GOLDBERG & ACKERMAN

By:        *Leonard B. Zucker*

LEONARD B. ZUCKER

LBZ/odb
cc: M&T MORTGAGE CORPORATION
via fax:

THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.