# United States District Court
# District of New Jersey

| | |
|---|---|
| **Edward Skypala individually and as a class representative on behalf of others similarly situated**<br>　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>**Mortgage Electronic Registration Services, M&T Mortgage Corp, and Zucker Goldberg & Ackerman et al.**<br>　　　　　　　Defendant. | CASE NO.<br>　　08-cv-2687 (JBS)(JS)<br>　<u>Civil Action</u><br><br>**LETTER BRIEF OF PLAINTIFF IN OPPOSITION TO THE MOTION TO DISMISS BY THE DEFENDANT Mortgage Electronic Registration Systems, Inc. and M&T Mortgage Corp.** |

　　　　　　　　　　　　　　　　　　Attorney for　Plaintiffs
　　　　　　　　　　　　　　　　　　Law Office of Roger C. Mattson, Esq.
　　　　　　　　　　　　　　　　　　26 Newton Avenue
　　　　　　　　　　　　　　　　　　Woodbury, NJ 08096
　　　　　　　　　　　　　　　　　　(856) 848-4050

On the Brief

Lewis G. Adler, Esq.
Roger C. Mattson, Esq.

## Statement of Facts

For purposes of this motion the Plaintiffs would accept the statement of facts provided by their complaint.

## Argument

### I.     Standard for Determination of a motion under FR 12(b)(6).

The Court in the case of *Mardini v. Viking Freight, Inc.*, 92 F. Supp. 2d 378, 385 (D.N.J. 1999) articulated the standard the Court must use in a motion to dismiss under Rule 12(b)(6).

> *Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 326, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)); Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). In disposing of a motion to dismiss, the court must operate on the assumption that the factual allegations in the complaint or counterclaim are true. Neitzke, 490 U.S. at 326-27. A motion to dismiss may be granted if the opposing party would not be entitled to relief under any set of facts consistent with the allegations in the complaint or counterclaim. As the Supreme Court stated in Neitzke:*
> *"nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," Hishon, supra at 73, 104 S. Ct. 2229, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations. (490 U.S. at 327)".*
> <u>Id at 381, 382</u>

In the instant case, the Court must accept as true the allegations of the complaint.

### II.     The motion is premature as discovery has not been completed.

The Defendants have filed the within motions while discovery is still pending. Many key facts still have not been developed. This is especially true of an

2

itemization of the attorneys fees and court costs charged to the Plaintiffs, as well as the calculation of the alleged refund.  This information is in the sole possession of  the Defendants. Without those figures it is difficult to give exact calculations of the extent of the violations of the act or the Plaintiffs' damages. To this end the Plaintiff has filed a certification pursuant to *Fed  R. Civ. 56(f)* requesting the decision on those issues be stayed pending the completion of discovery.

### III. The voluntary payment doctrine does not apply to the Plaintiff.

The Defendant argues that all of the Plaintiff's claims are barred by the voluntary payment doctrine.  The argument is flawed.

The Third Circuit addressed the issue of the voluntary payment doctrine.

> *"It is a settled principal of [New Jersey] law that where an individual under a mistake of law, but with full knowledge of the facts, voluntarily pays money on a demand not legally enforceable against him, he can not recover it in the absence of unjust enrichment, fraud, duress or improper conduct on the part of the payee."* <u>In re: Resorts, Inc.,</u> 181 F. 3d 505, 511 (3d Cir 1999)

In the instant case the payment was not made with full knowledge of the facts. The disclosures from the Defendants were not complete.  There was simply a demand for payment, $111,017.07 to M&T Mortgage Corp. and $2,449.00 to Zucker ($910 for fees and $1009 for costs). (Exhibit B to the Complaint) The payoff provides that the fees and costs due include the dismissal of the foreclosure action and discharge of the lis pendens. The representation is false as no foreclosure or lis pendens had been filed. In fact under New Jersey law no legal fees or costs were due. The New Jersey Appellate Division held in the case *Spence Savings Bank, SLA v. Shaw,* 401 NJ Super 1(App. Div. 2008) that

3

when a mortgagor cured the default after the filing of the notice of intention to foreclose but prior to the filing of the foreclosure action, the mortgagee was not entitled to fees and costs incurred before it filed the foreclosure action.  There is no doubt that the demands by the Defendants  are the result of unjust enrichment, fraud, duress and improper conduct on their part.

The payment was also made under duress. The Plaintiff was selling his home under threat of an immediate foreclosure action. If the Plaintiff had not paid the sums demanded he could not convey good title or terminate the threatened foreclosure. These facts are similar to the case relied upon by the Defendant, *Ross Systems v. Linden Dari-Delite,* 35 NJ 329 (1961). In *Ross* the court held that  "[p]ayments are made under duress when they are induced by the wrongful pressure of the payee and the payor has no immediate and adequate remedy in the courts to resist them. *Miller v. Eisele*, *111 N.J.L. 268*, at *p.* 281 (*E. & A.* 1933); Annotations 75 *A.L.R.* 658 (1931), 79 *A.L.R.* 655 (1932) (collecting cases). See Dalzell, "Duress By Economic Pressure I and II," 20 *N.C.L. Rev.* 237, 342 (1942); Dawson, "Economic Duress -- An Essay in Perspective," 45 *Mich. L. Rev.* 253 (1947)." *Id* at 334. The Supreme Court held that a payment made under duress is not a voluntary payment.

The Defendants seek to rely upon the case of *West Park Ave. v. Ocean Tp.,* 48 NJ 122 (1966). The case stands for the exact opposite than the position of the Defendants. The court held:

> On the other hand, the wrong of the payee may be so gross that nothing else is relevant. For an extreme example, a gunman may not retain the loot because his victim could have called the police, just as a swindler may not urge that his victim should have been more circumspect or astute. See *Judson v. Peoples Bank and Trust Co.*, 25 N.J. 17, 27 (1957); *Bilotti v. Accurate Forming Corp.*, 39 N.J. 184, 205 (1963); *Schoharie County*

4

*Cooperative Dairies, Inc. v. Eisenstein*, 22 N.J. Super. 503, 514 (*App. Div.* 1952). The immorality of the demand so dominates the scene that the weakness of the victim can only accentuate the wrong.

In the case before us an unlawful demand was made with a consciousness of its unlawfulness. If it were crucial, we would not hesitate to say that plaintiff had no feasible remedy, both because of the pressure of its own financial picture and because of its fear of recrimination in other matters. But we prefer to say the wrong of the municipality was so palpable that it would be against good morals to permit defendants to complain that plaintiff was not valiant enough. Nor can we agree with defendants that they should be permitted so to say because they are governmental bodies. On the contrary, the wrong is the more grievous because the power of public office was put behind it. As was said in *Robertson v. Frank Brothers Company* , 132 *U.S.* 17, 23, 10 *S. Ct.* 5, 6, 33 *L. Ed.* 236, 238 (1889), "When the duress has been exerted by one clothed with official authority, or exercising a public employment, less evidence of compulsion or pressure is required, -- as where an officer exacts illegal fees* * *." There should be every inducement to local government to stay within the law. Accountability for moneys so flagrantly obtained serves that end. *Id at* 130.

Just as in *West Park*, the demand of the Defendants in the instant case were unlawful and grievous. The voluntary payment doctrine is an equitable defense. As the courts have made very clear, it does not apply when an injustice has been done.

The Defendants have argued that the *West Park* case applies when or if litigation is threatened, the claims should be brought then. In the instant case, the Defendants **never** commenced the threatened litigation. The instant case is the only forum for the Plaintiff to get relief.

In fact the rights of the Plaintiffs under the Fair Foreclosure Act can not be waived. *NJSA 2A:50-61* states:

### *2A:50-61. Waivers against public policy, unlawful, void.*

*Waivers by the debtor of rights provided pursuant to this act are against public policy, unlawful, and void, unless given after default pursuant to a workout agreement in a separate written document signed by the debtor.*

5

The Legislature has made it clear that attempts to waive the rights of debtors under the act are against public policy, unlawful and void. In the instant case it is those rights the Plaintiffs seek to enforce.

The Legislature with the adoption of the New Jersey Truth in Consumer Contract, Warranty and Notice Act specifically held that the rights of consumers can not be waived. *NJSA 56:12-15* states

> *56:12-15. Consumer contract, warranty, notice or sign; violation of legal right of consumer or responsibility of seller, lessor, etc.; prohibition; exemptions.*
>
> *No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed. Consumer means any individual who buys, leases, borrows, or bails any money, property or service which is primarily for personal, family or household purposes. The provisions of this act shall not apply to residential leases or to the sale of real estate, whether improved or not, or to the construction of new homes subject to "The New Home Warranty and Builders' Registration Act," P.L.1977, c. 467 (C. 46:3B-1 et seq.)*

*NJSA 56:12-16* states:

> *56:12-16. Provision for waiver of rights under act; nullity; statement of provisions void, unenforceable or inapplicable in New Jersey.*
>
> *No consumer contract, warranty, notice or sign, as provided for in this act, shall contain any provision by which the consumer waives his rights under this act. Any such provision shall be null and void. No consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without*

6

> *specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey; provided, however, that this shall not apply to warranties.*

It is clear that the public policy in this state is to protect consumers. The idea that the payment of an improper and/or illegal demand by a consumer waives the consumer's right to relief has been overturned by the Legislature. As a matter of law the Defendant's motion to dismiss under the voluntary payment doctrine must be denied.

**IV.     The Defendant's motion to dismiss the negligence count IV should be denied.**

The Defendants argue that Mr. Skypala can not maintain a cause of action for negligence and contract. The Defendants have argued that the courts have held that tort claims are barred as a matter of law where a contract between the parties exists, and where the plaintiff's alleged damages are limited to economic loss springing from that contract.

The instant case is more than about the loan. The impact to Mr. Skypala concerns his credit worthiness, the emotional upset from the Defendants' egregious actions and possible loss of his home in the foreclosure in addition to any contract damages.

The New Jersey Supreme Court addressed a similar issue in the case of *NCP Litigation Trust v. KPMG, LLP.*, 187 NJ 353 (2004). This was a case concerning accounting irregularities. The complaint alleged causes of action for breach of contract, and negligence among others against the accountants, KPMG.. The court allowed the case to go forward on both theories.  As the court noted:

> At the outset, we observe that this matter is before us on a *Rule 4:6-2(e)* motion to dismiss. On such motions, a trial court should grant a dismissal "in only the rarest of instances." *Printing Mart-Morristown v. Sharp Elecs.*

> *Corp.*, 116 N.J. 739, 772 (1989) . A court's review of a complaint is to be "undertaken with a generous and hospitable approach," *id*. at 746, and the court should assume that the nonmovant's allegations are true and give that party the benefit of all reasonable inferences, **S***mith v. SBC Communications Inc.*, 178 N.J. 265, 282 (2004) . If "the fundament of a cause of action may be gleaned even from an obscure statement of claim," then the complaint should survive this preliminary stage. *Craig v. Suburban Cablevision, Inc*., 140 N.J. 623, 626 (1995) (citation omitted).

The Plaintiff's Count IV alleges that the Defendants were negligent in the servicing of the Plaintiff's mortgage. The Defendants argue that this is an imposition of an extra-contractual duty. The Plaintiff's position is that the Defendants had a duty to provide accurate statements and especially the payoff in accordance with the law. The scope of the duty is reflected in the various New Jersey statutes and court rules noted in the complaint.

As a matter of law, the Defendant's motion must be dismissed.

### V.  The Plaintiff has pled a cause of action for breach of the duty of good faith and fair dealing.

The Defendants argue that the Plaintiff has failed to adequately plead an action for the breach of the contractual duty of good faith and fair dealing. Chase made this same exact argument which this court rejected in its decision in the case of *Barrows v. Chase Manhattan Mrtg. Corp,* 465 F. Supp. 2d 347, 366 (DNJ 2006).

> MERS and Chase's motion to dismiss for lack of standing must be denied because Plaintiff has alleged that they had an implied duty to insure that proper attorneys fees were collected or attempted to be collected. Plaintiff's contention that Defendants had a duty to insure the propriety of any attempt to collect attorneys fees negates Defendants' argument that Plaintiff needed to have actually paid such fees. Therefore, to the extent that such an implied duty can be read into the contract, Plaintiff has asserted an injury sufficient to confer standing.

Unlike the Plaintiff in *Barrows,* Mr. Skypala has paid the sums demanded by the Defendants in full.

"Every contract in New Jersey contains an implied covenant of good faith and fair dealing." *R.J. Gaydos Insurance Agency, Inc. v. National Consumer Insurance Co.*, 168 NJ 255, 276 (2001).  See *Pickett v. Lloyd's*, 131 NJ 457, 467 (1993); *Onderdankm v. Presbyterian Homes of New Jersey*, 85 NJ 171, 182 (1981); *Bak-A-Lum Corp. v. Alcoa Bldg. Prods., Inc.*, 69 NJ 123, 129-30 (1976).  This covenant requires that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Ass'n Group Life, Inc. v. Catholic War Veterans of the U.S.*, 61 NJ 150, 153 (1972).

> "The standard of conduct contemplated by the unconscionability clause is 'good faith, honesty in fact and observance in fair dealing' and the need for application of that standard 'is most acute when the professional seller is seeking the trade of those most subject to exploitation, the uneducated, the inexperienced and the people of low incomes.'" *Associates* at 278.

In the instant case, the Defendants seek funds to which they were not otherwise entitled.  It is axiomatic that to seek money to which they are not legally entitled is a violation of the covenant of good faith and fair dealing. See *Whittingham I* and *Barrows*.

The New Jersey Supreme Court holding in *Metlife v. Washington Ave. Assoc.*, 159 NJ 484 (1999) where the court held that the failure to properly account and apply payments to a mortgage balance does violate the covenant of good faith and fair dealing.

> The final issue in this appeal involves an accounting for the rents collected directly from the tenant by MetLife. The Appellate Division held that MetLife's failure immediately to apply the rents to the principal balance due or to credit Washington Avenue for interest accrued on those rents violated the implied covenant of good faith and fair dealing. The court

>remanded for a determination of any credit due to Washington Avenue. We agree with that conclusion. *Id. at* 502.

As a matter of law the Defendants' motion to dismiss count V must be denied and judgment entered.

## VI. The Defendants' motion to dismiss count VI for unjust enrichment should be denied.

Under New Jersey law, there are two basic elements to a claim for unjust enrichment. First, the plaintiff must demonstrate "both that defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.,* 641 A.2d 519, 526 (N.J. 1994). To establish the injustice, the plaintiff must further demonstrate "that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." Id.

The Defendants were unjustly enriched when the Plaintiff and other foreclosure debtors are overcharged for attorneys fees and costs. The Defendants have engaged in a scheme to engage in unfair and deceptive acts. Due to the fact that any individual claim is relatively small, individual redress is difficult, if not impossible. To the extent of any excess fees and costs, the Defendants benefit. In this case the overcharges are in clear violation of New Jersey law and all defendants have been unjustly enriched.

The Defendant argues that as the parties have a contract and therefore an action for unjust enrichment cannot proceed. The argument is flawed. First, the Plaintiff may plead in the alternative. Either the Defendant violated the contract (which is denied by the Defendant) or the Defendant's action were a violation in quasi contract. In order to dismiss this count the court must hold as a matter of law that the violations are a breach

10

of contract. It is submitted that such a holding may be premature until discovery is complete.

Second, the parties may have both an implied contract and an express contract both of which are actionable. "The existence of an express contract, however, does not preclude the existence of an implied contract if the implied contract is distinct from the express contract." *Baer v Chase,* 392 F.3d. 609, 617 (3rd Cir 2004) quoting *Atlas Corp. v. United States*, 895 F.2d 745, 754-55 (Fed. Cir. 1990) ; see *Chase Manhattan Bank v. Iridium Africa Corp.*, 239 F. Supp. 2d 402, 409 (D. Del. 2002)

### VII. Plaintiff has pled a cause of action for unfair and deceptive assessment and collection of fees in Count VII of the complaint.

The Defendant argues that there is no cause of action for "unfair and deceptive assessment and collection of fees". The Plaintiff seeks to enforce the provisions of the federal *FTC* act, which prohibits unfair and deceptive practices, as a violation of the New Jersey *Consumer Fraud Act.* The New Jersey *Consumer Fraud Act* provides a private remedy for violations of the FTC Act. As noted below the act serves as the enforcement mechanism for the Act. It does not matter that the FTC does not provide a private cause of actions. The standards as established by the FTC Act and its regulations provide for standards of commercial practices in the marketplace which can be enforced under the Act. *Wozniak v. Pennella*, 373 NJ Super 445 (App. Div. 2004). As a matter of law the Defendant's motion to dismiss count VII of the complaint must be denied

### VIII. There is a private right of action in Fair Foreclosure Act

The Defendants have incorrectly argued that there is no private right of action in the Fair Foreclosure Act. The Courts in the case of *Jalowiecki v. Levc*, 182 NJ Super. 22, 30 (App. Div 1981) established a three part test to determine if a statute confers an implied private right of action.

1) Whether the Plaintiff is a member of the class for whose special benefit, the statute was enacted;

2) Whether there is any evidence that the legislature intended to create a private right of action under the statute; and

3) Whether it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy.

*Jalowiecki v. Levc,* 182 NJ Super. 22, 30 (App. Div 1981)

"Although courts give varying weight to each of those factors, the primary goal has invariably been a search for the underlying legislative intent" Id. at 30

The legislative intent for the *Fair Foreclosure Act* is set out clearly in *NJSA 2A:50-54* which states:

The legislature hereby finds and declares it to be the public policy of this state that homeowners should be given every opportunity to pay their home mortgages and thus keep their homes, and that lenders will be benefited when residential mortgage debtors cure their defaults and return defaulted residential mortgage loans to performing status.

The legislative intent is for homeowners to be protected. In fact the rights established by this act can not be waived. *NJSA 2A:50-61* states:

> *Waivers by the debtor of rights provided pursuant to this act are against public policy; unlawful and void, unless given after default pursuant to a workout agreement in a separate written document signed by the debtor.*

The clear intent of these sections is to provide the homeowner with significant protection in a foreclosure. These rights are granted specifically to the individual. The underlying legislative intent would support a private right of action.

An application of the elements of *Jalowiecki* supports a private right of action in the Fair Foreclosure Act. The first factor is the Plaintiff, a member of the class for whose special benefit, the statute was enacted. The answer must be an unqualified yes. The Plaintiff is a homeowner with a residential mortgage. In fact, the Act defines a residential mortgage debtor as any person shown on the record of the residential mortgage lender as being obligated to pay the obligation secured by the residential mortgage. *NJSA 2A:50-55*.

"The right to cure a default under this section is independent of any right of redemption or any other right or remedy under the common law, principles of equity, state, federal statute or rule of court."

The third prong of the test is whether it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy. The answer here is yes. It is a clear legislative desire for homeowners to be protected. The right is clearly vested with the homeowner under the act. The right is <u>non-waivable</u> and cumulative with other available relief to the borrower. It is clear that the right of action in the act is not only implied but is explicitly provided for by the statute.

The Defendant's argument itself is flawed. The whole statute at issue concerns the process to proceed in court for a foreclosure. The statute provides procedural and substantive due process and other rights to the homeowner. To accept the Defendant's arguments would leave a homeowner with a laundry list of rights without a remedy. As a matter of law the Defendants motion as to the *Fair Foreclosure Act* must be denied.

Even if the Court should hold that the Act itself does not provide for a separate cause of action, the rights established under the Act are themselves a basis for a cause of action under the New Jersey Consumer Fraud Act. This was pled explicitly in the complaint. (See para 75 of the Plaintiff's complaint) The issue was addressed specifically in the Appellate case of *Wozniak v. Pennella*, 373 NJ Super 445 (App. Div. 2004). In *Wozniak* the court held that the enforcement of a violation of a rent control ordinance was actionable under the New Jersey Consumer Fraud Act.

> Indeed, the CFA complements the Clifton Rent Control Ordinance by providing a legal means of redress against a violator. The CFA acts as an enforcement mechanism for the ordinance and should serve to bring landlords into compliance with the ordinance or be subject to the treble damage and attorney fees sanctions of the CFA. The laudatory purpose of the CFA of protecting consumers is thereby enhanced. **Id.** at 459

The New Jersey Consumer Fraud Act provides the legal mechanism to enforce the protections of the Fair Foreclosure Act even if the Court should hold that the Act itself does not provide a direct cause of action. As a matter of law the Defendant's motion to dismiss count VIII must be denied.

### IX. There is a private right of action to the New Jersey Court Rule R:4:42-9(a)(4).

The Defendant has incorrectly argued that there is no private right of action in the New Jersey Court Rule *R.4:42-9(a)(4)*. Likewise the same arguments as noted in the

14

previous section concerning the Fair Foreclosure Act apply to *R.4:42-9(a)(4)*. The Court in the case. *Regency Saving Bank v. Morristown Mews, LP*, 363 NJ Super 363 (App. Div. 2003) has made clear that the purpose of the rule was to protect homeowners. The action in Regency was by the bank in a deficiency action to recover attorney's fees in excess of the amount allowed in the foreclosure case. The court held "[F]urther, even if a Plaintiff in a foreclosure action seeks to recover a fee or provision in a note from the outset of the litigation, he is limited to the fee allowable under *R.4:42-9(a)(4)*

As noted above, the New Jersey Consumer Fraud Act provides the legal mechanism to enforce the protections of the Court Rule even if the Court should hold that the Rule itself does not provide a direct cause of action. As a matter of law the Defendant's motion to dismiss count IX must be denied.

**X.     The Defendants motion for a dismissal of count XI of the complaint for violations of the Truth-In-Consumer, Warranty and Notice Act should be denied.**

The Defendants have moved for a dismissal of count XI of the complaint for violations of the Truth-In-Consumer, Warranty and Notice Act arguing that the Act does not apply to the sale of real estate. The Plaintiff Edward Skypala has a cause of action under *NJSA 56:12-14* which prohibits the inclusion of a clause which waives the Plaintiff's right. In the instant case, M&T and MERS have demanded monies under the note and mortgage to which it was not legally entitled. The act does not require any actual damages by the Plaintiff and instead provides for a statutory penalty of at least $100 per violation. *NJSA 56:12-17* states:

> Any person who violates the provisions of this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs. This may be recoverable by the consumer in a civil action in a court of competent jurisdiction or as part of a counterclaim by the consumer against the seller, lessor, creditor, lender or bailee or assignee of any of the aforesaid, who aggrieved him. A consumer also shall have the right to petition the court to terminate a contract which violates the provisions of section 2 of this act and the court in its discretion may void the contract.

The Plaintiff to have standing has to only have had the improper clause included in the loan documents including the payoff. The Plaintiff need not have suffered any damages.

The Defendants argue that the statute does not apply because the act does not apply to residential leases or the sale of real estate. The transaction between the parties in the instant case is one of a lender to borrower. The Defendants are not selling or buying

16

any real estate from the Plaintiff. The Defendants are not involved as a landlord or tenant in a residential lease with the Plaintiff. The argument is without merit.

The Defendant next argues that the payoff notice is not a notice covered by the act. The argument fails for several reasons. It should be noted that the right to a fee in a foreclosure action "emanates from the fact that mortgage loans, as a matter of course, place specific contractual obligations on the mortgagor to bear the fees incurred by the mortgagee upon the need to foreclose or collect." *Stewart Title Guaranty Company v. Lewis,* 347 N.J. Super. 127, 788 A.2d 941, 945 n.8 (Super. Ct. Ch. Div. 2001) To the extent that the Defendants argue that the terms of the mortgage and note entitle them to be reimbursed for the attorneys fees and costs in the foreclosure in excess of the amount allowed under New Jersey law, those clauses violate the act. Second, the payoff letter is a notice from the lender to the borrower of the amount due to satisfy the loan in full. In fact, *RESPA 12 USC 2605* provides that when the borrower makes an inquiry concerning its account, the servicer is to transmit a "written notification". See *12 USC 2605 (e)*. *Black's Law Dictionary 4th Edition* (1968) defines Notice as "Information, the result of observation, whether by the senses or the mind; knowledge of the existence of a fact or state of affairs; the means of knowledge." The payoff letter is information on the amount due to satisfy the loan. The reinstatement letter is information on the amount due to reinstate the loan. The plain meaning of the statute is that the creditor may not give any information which violates the Act. The payoff letter itself is a writing which violates the statute by including a demand for monies not legally due.

This same conclusion was reached by the New Jersey Appellate Division in the case of *Smerling v. Harrah's*, 389 N.J. Super. 181 (App. Div. 2006). In that case, the

court held that advertising by the casino which contained false, deceptive or misleading information was actionable under the *Truth-in-Consumer Contract, Warranty and Notice Act.* As the New Jersey Appellate Court held in *Bosland v. Warwick Dodge,* 396 NJ Super 267 ( App Div 2007) that proving a case under the New Jersey Consumer Fraud Act will satisfy a cause of action under this act. The Plaintiff has pled a prima facie case under the Consumer Fraud Act. M&T and MERS through their agent Zucker provided payoff letter which demanded excessive attorneys' fees and costs in violation of New Jersey law. The Plaintiff paid the monies demanded in full.

The Defendants seek to rely upon the case of *Barrows v. Chase Manhattan Mortg. Corp.*, 465 F. Supp. 2d 347 (D.N.J. 2006). The case ignores the agency relationship between the parties. As the New Jersey Supreme Court held in the case *NCP Litig. Trust v. KPMG, LLP,* 187 NJ 353, 366 (2005)

> <u>Under the doctrine, a third party may invoke imputation as a defense against a principal seeking to enforce an agreement when the principal's</u> agent fraudulently induced the third party to enter into that agreement. In other words, an agent's fraud is imputed to a principal, thereby barring the principal from suing the third party. *See Gordon v. Cont'l Cas. Co.*, 319 Pa. 555, 181 A. 574, 578 (1935) ("A principal who sues to enforce a contract is bound by the representations made by his agent, in order to induce the opposite party to make it.") (citation omitted). Courts have found that it is unfair to allow a principal to enforce an agreement in such a situation, even when both the principal and the third party have acted in good faith. The party who selected the agent--the principal--should bear the loss stemming from the agent's misconduct..

Simply stated, the principle is liable for the actions of its agent. In the instant case, the Plaintiff has alleged that Zucker was the agent of M&T and MERS when it prepared, and sent the improper payoff letter. " Regardless of the terminology, the purpose of the doctrine is the same--to protect innocent third parties with whom an agent deals on the principal's behalf. *See Nischne v. Firestone Tire & Rubber Co.*, 116 N.J. Eq. 305, 308,

173 A. 341 (Ch.Ct.1934) ("The rule of implied notice is invocable to protect the innocent, never to promote an injustice."). Principals thereby are prevented "from obtaining benefits through their agents while avoiding the consequences of agent misdeeds. " *Id at 566*   The purpose of the New Jersey *Truth-in-Consumer Contract, Warranty and Notice Act* is remedial in nature to prevent wrongs to consumers. Just like the New Jersey *Consumer Fraud Act*, the *Truth-in-Consumer Contract, Warranty and Notice Act* is to be liberally construed given the broad scope of wrongs and remedies covered by the statute.

The Defedants seek to rely upon *Salvadori v. Option Mortgage Corp.,* 420 F. Supp. 2d. 349 (D.N.J. 2006). The case held that the Act does not prohibit the voluntary waiver by a consumer of his rights. *Salvadori* concerned the enforceability of a mandatory arbitration clause in a mortgage note. The court held that the arbitration clause represented a voluntary waiver by the consumer of his rights and hence was not a violation of the Act. This has no bearing on the facts of the instant case where the payoff is calculated in violation of the law.

As a matter of law, M&T and MERS  motion to dismiss count XI of the complaint must be denied.

## CONCLUSION

In the instant case the Plaintiff has more than suggested a cause of action against M&T and MERS.  The issue between the parties concerns whether M&T and MERS could legally collect these fees from the Plaintiffs.   As a matter of law, the motion to dismiss must be denied.

Respectfully submitted,

/s/ Lewis G. Adler, Esquire
Lewis G. Adler, Esquire


/s/ Roger C. Mattson, Esquire
Roger C. Mattson, Esquire