# United States District Court
# District of New Jersey

| | |
|---|---|
| **Edward Skypala, individually and as a class representative on behalf of others similarly situated**<br>　　　　　**Plaintiff,**<br><br>　　　　vs.<br><br>**Mortgage Electronic Registration Services, M&T Mortgage Corporation, and Zucker Goldberg & Ackerman et al.**<br>　　　　　**Defendant.** | **CASE NO.**<br>　　　**08-cv-5867 (JEI)(JS)**<br>　　　<u>Civil Action</u><br><br>**LETTER BRIEF OF PLAINTIFF IN OPPOSITION TO THE MOTION TO DISMISS BY THE DEFENDANT**<br>**Zucker Goldberg & Ackerman** |

　　　　　　　　　　　　　　　　　　Attorney for    Plaintiffs
　　　　　　　　　　　　　　　　　　Law Office of Lewis G. Adler, Esq.
　　　　　　　　　　　　　　　　　　26 Newton Avenue
　　　　　　　　　　　　　　　　　　Woodbury, NJ 08096
　　　　　　　　　　　　　　　　　　(856) 845-1968

On the Brief

Lewis G. Adler, Esq.
Roger C. Mattson, Esq.

**Statement of Facts**

For purposes of this motion the Plaintiffs would accept the statement of facts provided by their complaint.

**Argument**

**I.     Standard for Determination of a motion under FR 12(b)(6).**

The Court in the case of *Mardini v. Viking Freight, Inc.*, 92 F. Supp. 2d 378, 385 (D.N.J. 1999) articulated the standard the Court must use in a motion to dismiss under Rule 12(b)(6).

> *Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 326, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)); Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). In disposing of a motion to dismiss, the court must operate on the assumption that the factual allegations in the complaint or counterclaim are true. Neitzke, 490 U.S. at 326-27. A motion to dismiss may be granted if the opposing party would not be entitled to relief under any set of facts consistent with the allegations in the complaint or counterclaim. As the Supreme Court stated in Neitzke:*
> *"nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," Hishon, supra at 73, 104 S. Ct. 2229, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations. (490 U.S. at 327)".*
> <u>Id at 381, 382</u>

In the instant case, the Court must accept as true the allegations of the complaint.

**II.     The motion is premature as discovery has not been completed.**

Zucker has filed the within motions while discovery is still pending. Many key facts still have not been developed. This is especially true of an itemization of

1

the attorneys fees and court costs charged to the Plaintiffs. This information is in the sole possession of the Defendants. Without those figures it is difficult to give exact calculations of the extent of the violations of the act or the Plaintiffs' damages. To this end the Plaintiff has filed a certification pursuant to *Fed R. Civ. 56(f)* requesting the decision on those issues be stayed pending the completion of discovery.

### III. Zucker's actions are not protected by the litigation privilege.

Zucker has argued that the payoff letter was protected under the litigation privilege. First and foremost, there was no litigation filed in this matter prior to the instant case. The threatened foreclosure action was never brought.

The litigation privilege does not apply to claims under the Fair Debt Collection Practices Act. The New Jersey Supreme Court addressed this specific issue in the case of *Hodges v. Feinstein, Raiss, Kelin & Booker, LLC*, 189 NJ 210 (2007). The Court held that the only communication from an attorney which is exempt from the act is the initial pleading.

> *By expressly excluding legal pleadings from one portion of the FDCPA, Congress tacitly reaffirmed the applicability of the remainder of the Act's substantive provisions to law firms engaged in debt collection.* See Heintz, supra, *514 U.S. at 292, 115 S. Ct. at 1490, 131 L. Ed. 2d at 398* ***Id at 226.***

The cases relied upon by Zucker do not hold that a litigation privilege applies to any actions other than defamation, New Jersey Law Against Discrimination (LAD) and an action under 42 USC 1983. *Fenning v. S.G. Holding Corp.*, 47 NJ Super. 110 (App

2

Div 1957) applies only to defamation actions. None of these causes of action are the subject of the Plaintiff's instant case.  In *Loigman v. Township Committee of Tp. Of Middleton*, 185 NJ 566 (2006) the court only extended the privilege to actions under 42 USC 1983. The holding of the case is very narrow. There is no provision for its application beyond that.  *Peterson v. Ballard*, 292 NJ Super 575 (App Div 1996) concerned a case under the *New Jersey Law Against Discrimination* for making defamatory remarks. Every other case relied upon by Zucker concern actions for defamation,  *Hawkins v. Harris,* 141 NJ 207 (1995); and  *Erickson v. Marsh & McLennan Co. Inc,* 117 NJ 539 (1990).

Zucker argues that the case as a whole must be dismissed because the communications are subject to the litigation privilege. The argument is without merit. The instant case concerns the fact that the Defendants including Zucker demanded and took monies to which they had no legal right. Even if the court were to hold that the payoff letter itself was not actionable, the court must hold as a matter of law that the taking of monies to which they had no legal right is a valid cause of action.

As a matter of law, Zucker's motion must be dismissed.

**IV.     The Defendant Zucker  under New Jersey law owes a duty to the Plaintiffs.**

Zucker has argued that the Defendant owes no duty to the Plaintiff which precludes the Plaintiff's claim under Count IV of the complaint. The New Jersey Supreme Court has recently made clear in the case of *Banco Popular N. Am v. Gandi*, 184 NJ 161, 179 (2005) that in New Jersey an attorney may be liable to a third party for misrepresentations. As the Court noted:

3

> *We turn next to the Bank's claims of negligence against Freedman, with respect to which some preliminary observations are in order. Although many courts across the nation hold firm to the rule that no cause of action may be maintained against an attorney by one not in privity of contract, Joan Teshima, Annotation, Attorney's Liability, To One Other Than Immediate Client, For Negligence In Connection With Legal Duties, 61 A.L.R.4th 615 (2005) , in <u>Petrillo v. Bachenberg</u>, 139 N.J. 472, 655 A.2d 1354 (1995) , we recognized that there are circumstances in which an attorney may owe a duty to a third party with whom the attorney does not have a contractual relationship. In describing those situations, we began our analysis in Petrillo with the basic concept of duty, the inquiry with respect to which balances "the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution." <u>Hopkins v. Fox & Lazo Realtors</u>, 132 N.J. 426, 439, 625 A.2d 1110 (1993) . Further, we invoked section seventy-three of the then-proposed Restatement of the Law Governing Lawyers7:*
>
> *For the purposes of liability . . ., a lawyer owes a duty to use care . . . :*
> *. . . .*
> *(2) To a non-client when and to the extent that the lawyer or (with the lawyer's acquiescence) the lawyer's client invites the non-client to rely on the lawyer's opinion or provision of other legal services, the non-client so relies, and the non-client is not, under applicable law, too remote from the lawyer to be entitled to protection . . . .*
> *[ <u>Petrillo</u>, supra, 139 N.J. at 483, 655 A.2d 1354 (quoting Restatement of the Law Governing Lawyers § 73 (Tentative Draft No. 7, 1994)).]*
>
> *We further stated:*
> *We also recognize that attorneys may owe a duty of care to non-clients when the attorneys know, or should know, that non-clients will rely on the attorneys['] representations and the non-clients are not too remote from the attorneys to be entitled to protection. The Restatement's requirement that the lawyer invite or acquiesce in the non-client's reliance comports with our formulation that the lawyer know, or should know, of that reliance. No matter how expressed, the point is to cabin the lawyer's duty, so the resulting obligation is fair to both lawyers and the public.*
> *[ Id. at 483-84, 655 A.2d 1354 .]*

In the instant case Zucker provided improper figures for the allowable charges under New Jersey law which were passed on to a borrower who is paying off a mortgage

which is in default. The Plaintiff relied on the accuracy of the charges provided by Zucker. As a matter of law, the Defendant's motion must be denied.

  Zucker had an obligation to the Plaintiffs to see that they were supplied with accurate information under the implied covenant of good faith and fair dealing. Zucker improperly argues that to impose a duty on his firm under these circumstances necessarily would impede an attorneys ability to "represent clients vigorously". See *Petrillo*, 139 NJ at 479. The fees and costs allowed are set by Court Rules established by the New Jersey Supreme Court. As the Court has made clear these amounts are not subject to negotiation or waiver. "**The Supreme Court of New Jersey has made it clear that the parties to a mortgage cannot by contract override the limitations of the rule.**" *Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll*, 44 N.J. 442, 210 A.2d 68, 71 (N.J. 1965). The Federal District Court in Whittingham agreed with this conclusion in refusing to dismiss this count as to Zucker . This is not "Lets Make a Deal". As a matter of law, the Defendant's motion must be denied.

 Zucker argues that Mr. Skypala can not maintain a cause of action for negligence and contract. Zucker has argued that the courts "have consistently held that tort claims are barred as a matter of law where a contract between the parties exists, and where the plaintiff's alleged damages are limited to economic loss springing from that contract." The statement is a complete misrepresentation of the law. The cases relied on by Zucker and specifically the case *South Broward Hosp. Dist. V. Medquist*, 516 F.Supp 2d 370, 396 (D.N.J. 2007) held that [u]nder New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law *Saltiel v.*

5

*GSI Consultants, Inc*., 170 N.J. 297, 315 (2002)**.** The existence of the independent duty is reflected in the *Petrillo* and *Banco Popular* decisions.

The New Jersey Supreme Court addressed a similar issue in the case of *NCP Litigation Trust v. KPMG, LLP.*, 187 NJ 353 (2004). This was a case concerning accounting irregularities. The complaint alleged causes of action for breach of contract, and negligence among others against the accountants, KPMG.. The court allowed the case to go forward on both theories.  As the court noted:

> At the outset, we observe that this matter is before us on a *Rule* 4:6-2(e) motion to dismiss. On such motions, a trial court should grant a dismissal "in only the rarest of instances." *Printing Mart-Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 772, 563 A.2d 31 (1989) . A court's review of a complaint is to be "undertaken with a generous and hospitable approach," *id.* at 746, , and the court should assume that the nonmovant's allegations are true and give that party the benefit of all reasonable inferences, *Smith v. SBC Communications Inc.*, 178 N.J. 265, 282 (2004) . If "the fundament of a cause of action may be gleaned even from an obscure statement of claim," then the complaint should survive this preliminary stage. *Craig v. Suburban Cablevision, Inc.*, 140 N.J. 623, 626 (1995) (citation omitted).

As a matter of law Zucker's motion to dismiss count IV must be denied.

### V.   The Plaintiff has pled a cause of action for breach of the duty of good faith and fair dealing.( Count V)

The Defendant argues that the Plaintiff has failed to adequately plead an action for the breach of the contractual duty of good faith and fair dealing.  Chase made this same exact argument which this court rejected in its decision in the case of *Barrows v. Chase Manhattan Mrtg. Corp,* 465 F. Supp. 2d 347, 366 (DNJ 2006).

> MERS and Chase's motion to dismiss for lack of standing must be denied because Plaintiff has alleged that they had an implied duty to insure that proper attorneys fees were collected or ***attempted*** to be collected. Plaintiff's contention that Defendants had a duty to insure the propriety of any attempt to collect attorneys fees negates Defendants' argument that Plaintiff needed to have actually paid such fees. Therefore, to the extent

that such an implied duty can be read into the contract, Plaintiff has asserted an injury sufficient to confer standing.

Unlike the Plaintiff in *Barrows,* Mr. Skypala has paid the sums demanded by the Defendants in full.

"Every contract in New Jersey contains an implied covenant of good faith and fair dealing.*" R.J. Gaydos Insurance Agency, Inc. v. National Consumer Insurance Co.*, 168 NJ 255, 276 (2001). See *Pickett v. Lloyd's*, 131 NJ 457, 467 (1993); *Onderdankm v. Presbyterian Homes of New Jersey*, 85 NJ 171, 182 (1981); *Bak-A-Lum Corp. v. Alcoa Bldg. Prods., Inc.*, 69 NJ 123, 129-30 (1976). This covenant requires that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.*" Ass'n Group Life, Inc. v. Catholic War Veterans of the U.S.*, 61 NJ 150, 153 (1972).

> "The standard of conduct contemplated by the unconscionability clause is 'good faith, honesty in fact and observance in fair dealing' and the need for application of that standard 'is most acute when the professional seller is seeking the trade of those most subject to exploitation, the uneducated, the inexperienced and the people of low incomes.'" *Associates* at 278.

In the instant case, the Defendants seek funds to which they were not otherwise entitled. It is axiomatic that to seek money to which they are not legally entitled is a violation of the covenant of good faith and fair dealing. See *Whittingham I* and *Barrows.*

The New Jersey Supreme Court holding in *Metlife v. Washington Ave. Assoc.,* 159 NJ 484 (1999) where the court held that the failure to properly account and apply payments to a mortgage balance does violate the covenant of good faith and fair dealing.

> The final issue in this appeal involves an accounting for the rents collected directly from the tenant by MetLife. The Appellate Division held that MetLife's failure immediately to apply the rents to the principal balance

>  due or to credit Washington Avenue for interest accrued on those rents
>  violated the implied covenant of good faith and fair dealing. The court
>  remanded for a determination of any credit due to Washington Avenue.
>  We agree with that conclusion.  *Id. at* 502.

As a matter of law the Defendants' motion to dismiss count V must be denied and judgment entered.

### VI. The Defendant's motion to dismiss count VI for unjust enrichment should be denied.

Under New Jersey law, there are two basic elements to a claim for unjust enrichment. First, the plaintiff must demonstrate "both that defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.,* 641 A.2d 519, 526 (N.J. 1994). To establish the injustice, the plaintiff must further demonstrate "that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." Id.

The Defendants were unjustly enriched when the Plaintiff and other foreclosure debtors are overcharged for attorneys fees and costs. The Defendants have engaged in a scheme to engage in unfair and deceptive acts. Due to the fact that any individual claim is relatively small, individual redress is difficult, if not impossible. To the extent of any excess fees and costs, the Defendants benefit. In this case the overcharges are in clear violation of New Jersey law and all defendants have been unjustly enriched.

The Defendant argues that as the parties have a contract and therefore an action for unjust enrichment cannot proceed. The argument is flawed. First, the Plaintiff may plead in the alternative. Either the Defendant violated the contract (which is denied by the Defendant) or the Defendant's action were a violation in quasi contract. In order to

8

dismiss this count the court must hold as a matter of law that the violations are a breach of contract. It is submitted that such a holding may be premature until discovery is complete.

Second, the parties may have both an implied contract and an express contract both of which are actionable. "The existence of an express contract, however, does not preclude the existence of an implied contract if the implied contract is distinct from the express contract." *Baer v Chase,* 392 F.3d. 609, 617 (3rd Cir 2004) quoting *Atlas Corp. v. United States*, 895 F.2d 745, 754-55 (Fed. Cir. 1990) ; see *Chase Manhattan Bank v. Iridium Africa Corp.*, 239 F. Supp. 2d 402, 409 (D. Del. 2002)

### VII.     The voluntary payment doctrine does not apply to the Plaintiff.

The Defendant argues that all of the Plaintiff's claims are barred by the voluntary payment doctrine.  The argument is flawed.

The Third Circuit addressed the issue of the voluntary payment doctrine.

> *"It is a settled principal of [New Jersey] law that where an individual under a mistake of law, but with full knowledge of the facts, voluntarily pays money on a demand not legally enforceable against him, he can not recover it in the absence of unjust enrichment, fraud, duress or improper conduct on the part of the payee."* <u>In re: Resorts, Inc.,</u> 181 F. 3d 505, 511 (3d Cir 1999)

In the instant case the payment was not made with full knowledge of the facts. The disclosures from the Defendants were not complete.  There was simply a demand for payment, $111,017.07 to M&T Mortgage Corp. and $2,449.00 to Zucker ($910 for fees and $1009 for costs). (Exhibit B to the Complaint) The payoff provides that the fees and costs due include the dismissal of the foreclosure action and discharge of the lis pendens. The representation is false as no foreclosure or lis pendens had been filed. In fact under New Jersey law no legal fees or costs were due. The New Jersey Appellate Division held

9

in the case *Spence Savings Bank, SLA v. Shaw,* 401 NJ Super 1(App. Div. 2008) that when a mortgagor cured the default after the filing of the notice of intention to foreclose but prior to the filing of the foreclosure action, the mortgagee was not entitled to fees and costs incurred before it filed the foreclosure action. There is no doubt that the demands by the Defendants are the result of unjust enrichment, fraud, duress and improper conduct on their part.

The payment was also made under duress. The Plaintiff was selling his home under threat of an immediate foreclosure action. If the Plaintiff had not paid the sums demanded he could not convey good title or terminate the threatened foreclosure. These facts are similar to the case relied upon by the Defendant, *Ross Systems v. Linden Dari-Delite,* 35 NJ 329 (1961). In *Ross* the court held that "[p]ayments are made under duress when they are induced by the wrongful pressure of the payee and the payor has no immediate and adequate remedy in the courts to resist them. *Miller v. Eisele*, *111 N.J.L. 268*, at *p.* 281 (*E. & A.* 1933); Annotations 75 *A.L.R.* 658 (1931), 79 *A.L.R.* 655 (1932) (collecting cases). See Dalzell, "Duress By Economic Pressure I and II," 20 *N.C.L. Rev.* 237, 342 (1942); Dawson, "Economic Duress -- An Essay in Perspective," 45 *Mich. L. Rev.* 253 (1947)." *Id* at 334. The Supreme Court held that a payment made under duress is not a voluntary payment.

The Defendants seek to rely upon the case of *West Park Ave. v. Ocean Tp.,* 48 NJ 122 (1966). The case stands for the exact opposite than the position of the Defendants. The court held:

> On the other hand, the wrong of the payee may be so gross that nothing else is relevant. For an extreme example, a gunman may not retain the loot because his victim could have called the police, just as a swindler may not urge that his victim should have been more circumspect or astute. See

> *Judson v. Peoples Bank and Trust Co.*, 25 N.J. 17, 27 (1957); *Bilotti v. Accurate Forming Corp.*, 39 N.J. 184, 205 (1963); *Schoharie County Cooperative Dairies, Inc. v. Eisenstein*, 22 N.J. Super. 503, 514 (*App. Div.* 1952). The immorality of the demand so dominates the scene that the weakness of the victim can only accentuate the wrong.
>
> In the case before us an unlawful demand was made with a consciousness of its unlawfulness. If it were crucial, we would not hesitate to say that plaintiff had no feasible remedy, both because of the pressure of its own financial picture and because of its fear of recrimination in other matters. But we prefer to say the wrong of the municipality was so palpable that it would be against good morals to permit defendants to complain that plaintiff was not valiant enough. Nor can we agree with defendants that they should be permitted so to say because they are governmental bodies. On the contrary, the wrong is the more grievous because the power of public office was put behind it. As was said in *Robertson v. Frank Brothers Company* , 132 *U.S.* 17, 23, 10 *S. Ct.* 5, 6, 33 *L. Ed.* 236, 238 (1889), "When the duress has been exerted by one clothed with official authority, or exercising a public employment, less evidence of compulsion or pressure is required, -- as where an officer exacts illegal fees* * *." There should be every inducement to local government to stay within the law. Accountability for moneys so flagrantly obtained serves that end. *Id at* 130.

Just as in *West Park*, the demand of the Defendants in the instant case was unlawful and grievous. The voluntary payment doctrine is an equitable defense. As the courts have made very clear, it does not apply when an injustice has been done.

The Defendants have argued that the *West Park* case applies when or if litigation is threatened, the claims should be brought then. In the instant case, the Defendants **never** commenced the threatened litigation. The instant case is the only forum for the Plaintiff to get relief.

In fact the rights of the Plaintiffs under the Fair Foreclosure Act can not be waived. *NJSA 2A:50-61* states:

> 2A:50-61. Waivers against public policy, unlawful, void.
>
> *Waivers by the debtor of rights provided pursuant to this act are against public policy, unlawful, and void, unless given after default*

11

> *pursuant to a workout agreement in a separate written document signed by the debtor.*

The Legislature has made it clear that attempts to waive the rights of debtors under the act are against public policy, unlawful and void. In the instant case it is those rights the Plaintiffs seek to enforce.

The Legislature with the adoption of the New Jersey Truth in Consumer Contract, Warranty and Notice Act specifically held that the rights of consumers can not be waived. *NJSA 56:12-15* states

> 56:12-15. Consumer contract, warranty, notice or sign; violation of legal right of consumer or responsibility of seller, lessor, etc.; prohibition; exemptions.
>
> *No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed. Consumer means any individual who buys, leases, borrows, or bails any money, property or service which is primarily for personal, family or household purposes. The provisions of this act shall not apply to residential leases or to the sale of real estate, whether improved or not, or to the construction of new homes subject to "The New Home Warranty and Builders' Registration Act," P.L.1977, c. 467 (C. 46:3B-1 et seq.)*

*NJSA 56:12-16* states:

> 56:12-16. Provision for waiver of rights under act; nullity; statement of provisions void, unenforceable or inapplicable in New Jersey.
>
> *No consumer contract, warranty, notice or sign, as provided for in this act, shall contain any provision by which the consumer waives his rights under this act. Any such provision shall be null and void. No consumer contract, notice or sign shall state that any of its provisions is or*

12

> *may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey; provided, however, that this shall not apply to warranties.*

It is clear that the public policy in this state is to protect consumers. The idea that the payment of an improper and/or illegal demand by a consumer waives the consumer's right to relief has been overturned by the Legislature. As a matter of law the Defendant's motion to dismiss under the voluntary payment doctrine must be denied.

### VIII. Zucker is correct that Count VII was not to be directed to them.

Zucker is correct that Count VII was not to be directed to them. The Plaintiff would consent to a dismissal of Count VII only as to Zucker.

### CONCLUSION

For the foregoing reasons, the motion by Zucker should be denied.

Respectfully submitted,

/s/ Lewis G. Adler, Esquire


Lewis G. Adler, Esquire


/s/Roger C. Mattson, Esquire


Roger C. Mattson, Esquire