IN THE UNITED STATES DISCTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

EDWARD SKYPALA, ET AL.,

         PLAINTIFF,

V.

MORTGAGE ELECTRONIC
REGISTRATIONS SYSTEMS, INC.,
M&T MORTGAGE CORPORATION AND
ZUCKER, GOLDBERG & ACKERMAN,
LLC, ET AL.,

         DEFENDANTS.

CIVIL ACTION NO.
1:08-cv-5867 (JEI/JS)

ELECTRONICALLY FILED

RETURN DATE:  April 6, 2009

---

REPLY BRIEF IN SUPPORT OF DEFENDANT ZUCKER, GOLDBERG & ACKERMAN,
LLC'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6)

---

Connell Foley LLP
Attorneys for Defendants
Zucker, Goldberg &
Ackerman, LLC
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

*Of Counsel:*
  Karen Painter Randall, Esq.

*On the Brief:*
  Andrew C. Sayles, Esq.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................... 1

LEGAL ARGUMENT ................................................. 2

POINT I ....................................................... 2

    PLAINTIFF HAS CITED THE INCORRECT STANDARD OF
    LAW. .................................................... 2

POINT II ...................................................... 4

    ZUCKER'S MOTION IS APPROPRIATE AT THIS TIME AND
    PLAINTIFF CANNOT AVOID DISMISSAL OF ITS COMPLAINT
    BY CLAIMING A LACK OF DISCOVERY ......................... 4

POINT III ..................................................... 5

    THE LITIGATION PRIVILEGE APPLIES TO THE CASE AT
    BAR ..................................................... 5

POINT IV ...................................................... 7

    PLAINTIFF HAS NOT IDENTIFIED ANY FACTS OR LEGAL
    BASIS TO ESTABLISH THAT ZUCKER OWED PLAINTIFF ANY
    DUTY OF CARE ............................................ 7

POINT V ....................................................... 9

    PLAINTIFF CANNOT MAINTAIN HIS CLAIM FOR BREACH OF
    DUTY OF GOOD FAITH AND FAIR DEALING AGAINST
    ZUCKER .................................................. 9

POINT VI ...................................................... 10

    PLAINTIFF ADMITS THAT HE HAS NO CAUSE OF ACTION
    FOR UNJUST ENRICHMENT AGAINST ZUCKER. ................... 10

POINT VII ..................................................... 11

    PLAINTIFF DOES NOT DISPUTE THAT HE CANNOT
    MAINTAIN A CLAIM UNDER NEW JERSEY'S CONSUMER
    FRAUD ACT AGAINST ZUCKER AND THEREFORE COUNT VII
    MUST BE DISMISSED ...................................... 11

POINT VIII .................................................... 11

i

<u>TABLE OF CONTENTS</u> (Continued)

<u>**Page**</u>

PLAINTIFF'S CLAIMS ARE BARRED UNDER THE VOLUNTARY
PAYMENT DOCTRINE ......................................... 11

POINT IX ..................................................... 13

PLAINTIFF'S SUR-REPLY HAS NO IMPACT ON THE MOTION
TO DISMISS FILED BY ZUCKER .............................. 13

CONCLUSION .................................................... 15

## TABLE OF AUTHORITIES

**Page**

*Cases*

Baglini v. Lauletta, 338 N.J.
  Super. 282 (App. Div. 1996) ................................... 6

Bell Atlantic Corp. v.
  Twombly, 127 S.Ct.
  1955 (2007) .......................................... 2, 3, 9

Bosland v. Warnock, 197 N.J.
  543 (2009) ...................................... 10, 13, 14

Commercial Ins. Co. of Newark
  v. Steigh, 395 N.J. Super.
  109 (App. Div. 2007) ........................................ 6

In re Resorts, Inc., 181 F.3d
  505 (3d. Cir. 1999) ........................................ 12

Mardini v. Viking Freight,
  Inc., 92 F. Supp.2d 378
  (D.N.J. 1999) .............................................. 2

NCP Litigation Trust v. KPMG,
  LLP, 187 N.J. 353 (2004) ................................... 8

Peterson v. Ballard, 293 N.J.
  Super. 575 (App. Div. 1996) ............................... 7

Phillips v. County of
  Allegheny, 515 F.3d 224 (3d
  Cir. 2008) ......................................... 2, 3, 9

Ross Systems v. Linden Dari-
  Delite, 35 N.J. 329 (1962) ............................... 12

Ruberton v. Gabage, 280 N.J.
  Super. 125 (App. Div. 1995) ............................... 6

Spencer Savings Bank, SLA v.
  Shaw, 401 N.J. Super. 1
  (App.Div.2008) ........................................... 12

iii

<u>TABLE OF AUTHORITIES</u>  (Continued)

<u>Page</u>

*Statutes*

<u>N.J.S.A.</u> 2A:50-56a ......................................... 8

*Other Authorities*

Federal Trade Commission Act,
  15 U.S.C. § 45(A) ...................................... 11

*Rules*

Rule (12)(b)(6) .................................... 2, 4, 15

Rule 56 .................................................. 4

iv

## PRELIMINARY STATEMENT

Defendant Zucker Goldberg & Ackerman, LLC ("Zucker") submits this reply brief in further support of its motion to dismiss Plaintiff Edward Skypala's ("Plaintiff") Complaint. Zucker hereby incorporates the arguments set forth in its initial moving papers as well as those set forth on behalf of Co-Defendants M&T Mortgage Corporation ("M&T") and Mortgage Electronic Registrations Systems, Inc. ("MERS")(collectively referred to as "Co-Defendants"). On February 23, 2009, Plaintiff submitted a brief in opposition and on March 10, with leave of Court, Plaintiff submitted an additional response concerning a recent New Jersey Supreme Court ruling.

Importantly, Plaintiff concedes in his filings concerning the pending motions to dismiss that his claims of unjust enrichment (Count VI) and unfair and deceptive assessment and collection of fees (Count VII) should be dismissed against Zucker. See Plaintiff's March 10, 2009 submission, page 4 (dismissing unjust enrichment claim[1]); see also Plaintiff's February 23, 2009 Opposition Brief, p.13, Point VIII (dismissing Count VII).

---

[1] Plaintiff mistakenly references Count V (breach of duty of good faith and fair dealing) instead of Count VI (unjust enrichment). However, he expressly states that he will dismiss the unjust enrichment claim.

2102457-01

**LEGAL ARGUMENT**

**POINT I**

**PLAINTIFF HAS CITED THE INCORRECT STANDARD OF LAW.**

Under Point I of Plaintiff's Opposition Brief, Plaintiff incorrectly asserts that <u>Mardini v. Viking Freight, Inc.,</u> 92 F. Supp.2d 378, 385 (D.N.J. 1999) properly articulates the standard for a motion to dismiss pursuant to Rule (12)(b)(6) motion. However, as noted in the initial memorandum of law on behalf of Zucker, the applicable standard has been restated by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 – 1965 (2007), and affirmed as applicable for all 12(b)(6) motions in the Third Circuit by the Court in <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3$^{\text{d}}$ Cir. 2008). Further, Plaintiff makes no attempt to dispute the applicability of the <u>Twombly</u> standard and offers no argument as to why the Court should follow the standard suggested by Plaintiff. Clearly, Plaintiff seeks to circumvent the more exacting standard now required.

As stated in <u>Phillips</u>, Plaintiff cannot merely assert general, non-descript claims with the presumption that a Complaint will survive a motion to dismiss for failure to state a claim upon which relief can be granted:

> [S]tating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability

2

> requirement at the pleading stage, but instead simply
> calls for enough facts to raise a reasonable
> expectation that discovery will reveal evidence of the
> necessary element.

Here, Plaintiff has wholly failed to identify facts within its
pleadings to establish a "reasonable expectation" that the
necessary elements of each claim will be supported through
subsequent discovery. Plaintiff's opposition brief improperly
argues that the Court may only grant Zucker's motion to dismiss
if it is determined that "no relief could be granted under any
set of facts that could be proved consistent with the
allegations." (See Opposition Brief, p.2) While Zucker
maintains that even under this former standard Plaintiff's
Complaint would fail, this "no set of facts" litmus test for
12(b)(6) applications was expressly rejected by the Twombly
Court and is not applicable. Twombly, 127 S.Ct. at 1969.
Instead, the Court must apply the heightened standard
established under Twombly and Phillips.

When reviewed under the applicable standard, it is clear
that Plaintiff's Complaint must be dismissed with prejudice for
failure to state a claim upon which relief can be granted.

3

## POINT II

### ZUCKER'S MOTION IS APPROPRIATE AT THIS TIME AND PLAINTIFF CANNOT AVOID DISMISSAL OF ITS COMPLAINT BY CLAIMING A LACK OF DISCOVERY

The purpose of a motion under Rule 12(b)(6) is to eliminate claims upon which relief cannot be granted at an early point in time. Plaintiff claims that without an itemization of the attorney's fees and court costs charged to the Plaintiff, "it is difficult to give exact calculations of the extent of the violations of the act or the Plaintiff's damages. (See Plaintiff's Opposition Brief, p. 2) Plaintiff also claims that he filed a Rule 56 certification requesting a delay of this motion until this discovery is obtained. As of the date of filing for this application, no such certification has been filed on behalf of Plaintiff and, accordingly, any corresponding claims must be dismissed. Further, even if this Certification was filed, there is no basis to consider claims for additional discovery as this matter is filed pursuant to F.R.C.P. 12(b)(6). A Rule 56 certification is applicable only for summary judgment applications and since Zucker has properly limited its arguments to the allegations within the Complaint, there is no basis to convert this application to one for summary judgment.

Zucker's claims for dismissal, as noted herein and within its initial moving papers, do not involve the specific issues of what fees or costs were assessed to Plaintiff. Rather, Zucker

4

moves for dismissal on the grounds that, even assuming Plaintiff's allegations are true, his Complaint fails to identify any specific claim against Zucker upon which relief can be granted. Accordingly, Plaintiff's claims that additional discovery is necessary are irrelevant at this time and in connection with this motion.

## POINT III

### THE LITIGATION PRIVILEGE APPLIES TO THE CASE AT BAR

Plaintiff can cite to no authority suggesting that the litigation privilege does not apply vis-à-vis Plaintiff's claims against Zucker - negligence, breach of the duty of good faith and fair dealing and unjust enrichment.[2] Likewise, Plaintiff does not dispute that the requisite elements of the privilege have not been met, but only argues that the privilege itself is inapplicable. Plaintiff relies primarily upon case law that addresses whether a claim arising under the Federal Debt Collection Practices Act ("FDCPA") may be barred by New Jersey's litigation privilege states that "the litigation privilege does

---

[2] Plaintiff concedes that Count VII is not directed or actionable against Zucker and therefore there is no need to address whether Count VII would also be barred under the litigation privilege. For purposes of this application, Zucker nonetheless maintains that it is similarly barred.

not apply to claims under the [FDCPA]". (See Opposition Brief, p.2). There is no claim against Zucker under the FDCPA and therefore consideration of that statutorily contingent exception is irrelevant here. Plaintiff's remaining claims against Zucker are for negligence (Count IV) and breach of duty of good faith and fair dealing (Count V) and both are subject to the litigation privilege.

Plaintiff also contends, improperly, that the privilege has limited applicability to defamation and LAD claims. This is not the case. The litigation privilege has a broad application and "extends to all statements or communications in connection with the judicial proceeding. See Ruberton v. Gabage, 280 N.J. Super. 125, 133 (App. Div. 1995) (citing multiple cases in support of broad application of privilege). Further, a search on any legal research system concerning the application of the litigation privilege in New Jersey demonstrates beyond doubt that it is not limited to claims of defamation, the LAD or §1983 claims. See, e.g., Ruberton, supra, (litigation privilege applicable in claims for malicious abuse of process and malicious interference); Commercial Ins. Co. of Newark v. Steigh, 395 N.J. Super. 109 (App. Div. 2007)(litigation privilege applicable in misrepresentation suit); Baglini v. Lauletta, 338 N.J. Super. 282 (App. Div. 1996)(litigation privilege applicable to claims for malicious abuse of process,

negligent infliction of emotional distress and intentional inflliction of emotional distress); and <u>Peterson v. Ballard</u>, 293 N.J. Super. 575 (App. Div. 1996)(litigation privilege applicable to claims alleging intentional inflliction of emotional distress).   Thus, Plaintiff's claims against Zucker are barred as they arise solely through materials protected through the litigation privilege and must be dismissed with prejudice.

## POINT IV

**PLAINTIFF HAS NOT IDENTIFIED ANY FACTS OR LEGAL BASIS TO ESTABLISH THAT ZUCKER OWED PLAINTIFF ANY DUTY OF CARE**

Plaintiff does not dispute he has failed to allege the existence of a contractual relationship with Zucker.   Instead, Plaintiff argues that despite the lack of privity of contract, a duty may be implied to and imposed on Zucker. As noted in the moving papers, claims based upon a breach of duty of good faith and fair dealing (Count V) and unjust enrichment (Count VI) require the existence of a contractual relationship.   This assertion of law has not been challenged.   Since Plaintiff has failed to allege the existence of a contractual relationship with Zucker, Counts V and VI must be dismissed as a matter of law.

Plaintiff's negligence claim (Count IV) also fails since Zucker at no time represented Plaintiff, but rather represented

an adverse party to Plaintiff and in a manner where there could be no reasonable expectation by Plaintiff that Zucker owed Plaintiff any duty.  To be absolutely clear, Zucker was retained by Co-Defendants to commence a foreclosure action on behalf of its client against Plaintiff.  That matter is starkly different from the cases cited by Plaintiff in the opposition, which recognize that a duty to a non-client may exist where the attorney could foresee that the non-client may rely upon his provision of legal services in a non-adversarial setting.  Here, Plaintiff was a direct adversary in the foreclosure proceedings - initiated by issuance of a Notice of Intent to Foreclose - and was not owed any duty from Zucker that would support a claim of negligence. See N.J.S.A. 2A:50-56a. (See Complaint, ¶ 6, Exhibit A)

Further, Plaintiff fails to address how the economic loss doctrine would not bar any claim Plaintiff may have against Zucker assuming a duty was in fact owed by Zucker.  Plaintiff refers to NCP Litigation Trust v. KPMG, LLP, 187 N.J. 353 (2004) as legal support for a claim that he can seek relief for both breach of contract and for tort claims arising from an alleged breach of duty of care owed by Zucker.  However, Plaintiff has made no effort to detail how NCP actually supports this argument and merely cites to the Court's acknowledgement of the New Jersey State Court standard for addressing motions to dismiss

8

for failure to state a claim, an inapplicable standard in this matter (See Twombly and Phillips, *supra*). A review of NCP shows that it dealt with a limited issue of whether the imputation doctrine supported a claim that a principal is imputed with knowledge of facts known to its agent. Id. In no way does it support the claims asserted by Plaintiff on this issue.

## POINT V

### PLAINTIFF CANNOT MAINTAIN HIS CLAIM FOR BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING AGAINST ZUCKER

Point V of Plaintiff's Opposition Brief addresses case law dealing with the imposition of the duty of good faith and fair dealing as against lenders and loan services. While Zucker disputes that any such duty exists among Co-Defendants and Plaintiff, there need be no assessment as to whether such a duty has been violated by Zucker since there has been no allegation that Zucker and Plaintiff had a contractual agreement giving rise to the alleged breach. As opposed to properly acknowledging that no contractual relationship existed among Zucker and Plaintiff, Plaintiff uses the general term "Defendants" and then discusses distinguishable case law as to why a claim for breach of duty of good faith and fair dealing may be maintained. The failure to allege the basic and

9

fundamental element that a contractual relationship existed with Zucker requires dismissal of Count V with prejudice.

## POINT VI

**PLAINTIFF ADMITS THAT HE HAS NO CAUSE OF ACTION FOR UNJUST ENRICHMENT AGAINST ZUCKER.**

In his March 10, 2009 submission to the Court, Plaintiff has agreed to dismiss his claims for unjust enrichment. Specifically, at page 4 Plaintiff states that "in light of the New Jersey Supreme Court's decision [in Bosland v. Warnock, 197 N.J. 543 (2009)], the Plaintiff would dismiss Count V for unjust enrichment. Although Plaintiff refers to Count V (breach of duty of good faith and fair dealing), Plaintiff expressly notes the he intends to dismiss his claims for unjust enrichment (Count VI). Accordingly, Count V must be dismissed with prejudice.[3]

---

[3] Even without this stipulation by Plaintiff, it cannot be disputed that Plaintiff has failed to allege any expectation of remuneration from Zucker to support its claim of unjust enrichment.

2102457-01

<u>POINT VII</u>

**PLAINTIFF DOES NOT DISPUTE THAT HE CANNOT MAINTAIN A CLAIM UNDER NEW JERSEY'S CONSUMER FRAUD ACT AGAINST ZUCKER AND THEREFORE COUNT VII MUST BE DISMISSED**

Count VII of the Complaint alleges unfair and deceptive assessment and collection of fees "in violation of Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(A) which constitutes a violation of the New Jersey Consumer Fraud Act ("CFA") and [is] therefore actionable by the Plaintiff". As noted in Zucker's initial moving papers, Zucker cannot be liable under the CFA. Plaintiff has not disputed this allegation and therefore Count VII must be dismissed. (See Opposition Brief, p.13)

<u>POINT VIII</u>

**PLAINTIFF'S CLAIMS ARE BARRED UNDER THE VOLUNTARY PAYMENT DOCTRINE**

There are no allegations within Plaintiff's Complaint to permit Plaintiff to avoid dismissal of the Complaint based upon claims of mistake of fact, fraud or duress. Notwithstanding the fact that such self-serving claims are made only in response to a motion for dismissal and that Plaintiff has not identified any specific allegation within the Complaint or subsequently identified any fact that would support such claims, these attempts fail as a matter of law.

11

First, Plaintiff's claims that the payment was made as the result of fraud and under mistake of fact cannot preclude dismissal under the voluntary payment doctrine. It must be noted that the legal authority relied upon by Plaintiff involves claims of mistake of law, which is no defense to the doctrine. See In re Resorts, Inc., 181 F.3d 505, 511 (3d. Cir. 1999). Plaintiff relies upon Spencer Savings Bank, SLA v. Shaw, 401 N.J. Super. 1 (App.Div.2008), a case that addressed the legal issue of whether New Jersey law permitted or authorized specific fees. Moreover, the Spencer Court was not required to address the applicability of the voluntary payment doctrine, but rather addressed whether the plaintiff was legally obligated to pay certain fees. Spencer, 401 N.J.Super at 4. Here, Plaintiff's payment occurred voluntarily.

Next, there is absolutely no support within the Complaint to support Plaintiff's self-serving claims of duress. To establish duress, it is required that Plaintiff allege and established that the payment was "induced by the wrongful pressure of the payee" and "that the payor had no immediate and adequate remedy in the courts to resist the payee". Ross Systems v. Linden Dari-Delite, 35 N.J. 329 (1962). In his Opposition Brief, Plaintiff alleges that if the sums demanded by the defendants were not paid, he could not convey good title or terminate the threatened foreclosure. (See Opposition Brief,

12

p.10)   However, such a claim is mere posturing by Plaintiff's counsel to avoid dismissal of the Complaint.   The pleadings contain no allegations to support such a claim, and even assuming they did, there is still no basis, either through the Complaint or based upon the opposition, that demonstrates or even alleges that the Plaintiff was without adequate legal remedy to resist payment.   To wit, Plaintiff could have formally advised Defendants of his alleged objections and, if necessary, filed an Answer to any potential foreclosure complaint asserting the same as an affirmative defense.   There is no allegation anywhere to suggest that Plaintiff had no other options, let alone that Plaintiff had any pressure or duress imposed in connection with this payment.

**POINT IX**

**PLAINTIFF'S SUR-REPLY HAS NO IMPACT ON THE
MOTION TO DISMISS FILED BY ZUCKER**

Plaintiff obtained leave from the Court to file a sur-reply to co-defendants' motion to dismiss and a response in connection with Zucker's motion to dismiss.   Specifically, Plaintiff asserts that a recent ruling from New Jersey's Supreme Court in Bosland v. Warnock, 197 N.J. 543 (2009) mandates denial of the Defendants' Motions to Dismiss as they relate to Plaintiff's claims arising under the Consumer Fraud Act ("CFA") and Truth-

13

in-Consumer Contract, Warranty and Notice Act ("TCCWNA"). While Zucker maintains that the Bosland ruling does not preclude dismissal of the entire Complaint in this matter against all parties, an in-depth discussion of this ruling is not necessary as Plaintiff has not asserted any claims against Zucker based upon the TCCWNA and has conceded that it cannot maintain an action against Zucker under the CFA. (See Opposition Brief, p. 13)  Accordingly, the Bosland ruling has no negative impact upon the arguments for dismissal on behalf of Zucker. If anything, Bosland further warrants dismissal of Plaintiff's claims for unjust enrichment against Zucker.  In fact, Plaintiff confirms as much at page 4 of his sur-reply stating that "in light of the New Jersey Supreme Court's decision, the Plaintiff would dismiss Count V (sic)[4] for unjust enrichment.

---

[4] Plaintiff alleges unjust enrichment under Count VI, not Count V.

## CONCLUSION

For the aforementioned reasons, and those set forth in the initial moving papers on behalf of Zucker, Plaintiff's Complaint must be dismissed with prejudice pursuant to Rule 12(b)(6).


CONNELL FOLEY LLP
Attorneys for Defendants,
Zucker, Goldberg & Ackerman, LLC


BY:  *s/ Andrew C. Sayles*
ANDREW C. SAYLES

DATED:  March 30, 2009

15