```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

EDWARD SKYPALA, Individually  :
and as a representative on    :
behalf of others similarly    :
situated                      :    HONORABLE JOSEPH E. IRENAS
                              :
            Plaintiff,        :    CIV. NO. 08-5867 (JEI/JS)
                              :
     v.                       :
                              :
MORTGAGE ELECTRONIC           :    **OPINION**
REGISTRATION SYSTEMS, INC.,   :
M&T MORTGAGE CORP., ZUCKER    :
GOLDBERG, AND ACKERMAN,       :
                              :
            Defendants.       :


**APPEARANCES:**
Lewis G. Adler, Esq.
Roger C. Mattson, Esq.
LAW OFFICE OF LEWIS ADLER
26 Newton Avenue
Woodbury, NJ 08096
     Counsel for Plaintiff

Carol Ann Slocum, Esq
KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS
457 Haddonfield Road
Suite 510
Cherry Hill, NJ 08002
     Counsel for Defendants Mortgage Electronic Registration
Systems, Inc. and M&T Mortgage Corp.

Karen Painter Randall, Esq.
Andrew C. Sayles, Esq.
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, NJ 07068
     Counsel of Defendant Zucker, Goldberg, and Ackerman


**IRENAS**, Senior District Judge:

     This Court has previously dismissed *Skypala v. Mortgage*

1

*Electronic Registration Systems, Inc.*, in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted.  --- F.Supp.2d ----, 2009 WL 2762247 (D.N.J. 2009) (JEI).  One of many suits filed by the same plaintiffs' attorney[1], *Skypala* is a case filed originally in state court by a plaintiff (and putative class members) who contended he had been overcharged by a mortgage lender, its servicer, and its law firm, while curing the default of his residential mortgage.  The Defendants moved for removal to federal court. Unlike most of the other suits filed by the same plaintiffs' counsel, here, the Defendants never actually filed a foreclosure claim against the Plaintiff because he cured the default.  This factual distinction removes this matter from this Court's jurisdiction.

Before the Court are two motions by Plaintiff: a Motion for Reconsideration and a Motion to Amend the Original Complaint (both listed as Docket No. 21).  Because this Court no longer maintains jurisdiction over this issue, both motions are moot and

---

[1] This complaint is substantially similar to three other complaints recently before this Court, all brought by the same attorney: *Rivera v. Washington Mutual, et al.*, 637 F. Supp. 2d 256, (D.N.J. July 10, 2009), *Martino v. Everhome Mortgage, et al.*, 639 F. Supp. 2d 484(D.N.J. July 31, 2009), *Doty v. Bayview Financial L.P.*, No. 08-4090 (D.N.J. Dec. 4, 2009) and *Perkins v. Washington Mut., FSB,* No. 09-024, 2009 WL 2835781 (D.N.J. Sept. 4, 2009).  As the Court noted in *Rivera*, "Plaintiffs' counsel has drafted one generic complaint for at least ten other cases-all filed in this district by the same attorneys, all proposing the same class."

the case will be dismissed for lack of subject matter jurisdiction.

## II.

Jurisdiction to hear this dispute is premised upon the Class Action Fairness Act ("CAFA"). The Court has an obligation to raise, *sua sponte*, the issue of its subject matter jurisdiction. *Meritcare, Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 216 (3d Cir. 1999). Fed. R. Civ. P. 12(h)(3) provides, "whenever it appears by suggestion of the parties or *otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (emphasis added).

To bring a minimum diversity action under the CAFA the amount in controversy must be, as alleged in the complaint in good faith, in excess of $5,000,000. The Plaintiff claims that because the defendant has averaged 600 to 1000 foreclosures per year since 2002, the proposed class size is anticipated to be in excess of 3000 members. Proposed Amended Compl. ¶ 16. In other words, the proposed class will be made up of those customers whose properties were foreclosed upon. However, based upon the facts pled in the complaint, Skypala's property was never actually foreclosed upon. The Plaintiff's evidence, that the proposed class meets the jurisdictional requirements of 28 U.S.C. § 1332(d)(2), does not apply to him.

Under 28 U.S.C. § 1332(d)(11)(B)(i), to meet the requirements of the CAFA, a plaintiff's claims must involve common questions of law or fact.  Skypala's claim does not involve the same common question of law or fact as those of the class he intends to form, because his property was never foreclosed upon.  As such, his complaint does not meet the requirements of the CAFA and this Court lacks subject matter jurisdiction to decide this case on the merits.

Accordingly, this case will be remanded to state court and the motions for summary judgment dismissed as moot.

### III.

For the reasons set forth above, this case will be remanded to state court for lack of subject matter jurisdiction, and the pending motions dismissed as moot.  The Court will issue an appropriate order.

December 18, 2009                           s/ Joseph E. Irenas

                                              **JOSEPH E. IRENAS, S.U.S.D.J.**